IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| APOSTOLOS PAUL IOANNIDIS<br>811 Festival Avenue<br>Mount Airy, Maryland 21771 | * | |
| Plaintiff | * | |
| v. | * | Case No.: _____ |
| U.S. BANK, N.A.<br>Legal Department<br>800 Nicollet Mall<br>Minneapolis, MN 55402 | * | |
| **SERVE ON**: | * | |
| Mr. Andrew Cecere<br>Chief Financial Officer<br>800 Nicollet Mall<br>Minneapolis, MN 55402 | * | |
| Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT AND JURY DEMAND

Plaintiff Apostolos Paul Ioannidis hereby files this Complaint against Defendant U.S. Bank, N.A. and states as follows:

### PARTIES

1.  Mr. Ioannidis is a resident of Mount Airy, Maryland with a principal residence located at 811 Festival Avenue, Mount Airy, MD 21771.

2.  Defendant is a corporation organized and existing under the laws of the state of Minnesota. Defendant is qualified to do business in the State of Maryland.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the action occurred and Mr. Ioannidis resides in Maryland.

## GENERAL ALLEGATIONS

5. In August 1998, Mr. Ioannidis became president of GPL Laboratories, LLLP ("GPL").

6. In late 1998 or early 1999, as president of GPL, Mr. Ioannidis opened a corporate credit card (the "Credit Card") on behalf of GPL with Defendant, U.S. Bank Account # 4336 9400 0167 5580 (the "Credit Card Account"). Defendant erroneously listed the name of the borrower on the account as PGL Laboratories, LLP.

7. On January 1, 2008, Mr. Ioannidis sold his shares in GPL to his partner, Ike Loukos, who then became the sole owner of GPL. Mr. Loukos soon thereafter turned GPL from a Maryland LLLP into a Maryland LLC.

8. After selling his shares, Mr. Ioannidis remained as the president of GPL Laboratories LLC until he left the company on December 31, 2009.

9. On December 31, 2009, Mr. Ioannidis returned to GPL all company related articles, i.e. keys, credit cards, etc. These items included GPL's Credit Card. At the time Mr. Ioannidis surrendered GPL's Credit Card, the remaining balance on the card was the responsibility of GPL.

10. On December 31, 2009, the GPL accounting office sent a fax to Defendant, notifying it of the termination of Mr. Ioannidis's employment and asking

Defendant to remove him from GPL's Credit Card account. GPL's accounting office used Defendant's own notification form to do this.

11. On January 1, 2010, Mr. Loukos sold his interest in GPL to Joseph Hernandez, the sole member of Centauri Labs, LLC ("Centauri"). Shortly thereafter, Centauri assumed responsibility of GPL's Credit Card Account as evidenced by the Business Card Company Profile change form attached as Exhibit A.

12. In late November 2010, Defendant began calling Mr. Ioannidis on his telephone, demanding payments it claimed were due on GPL's Credit Card Account.

13. Mr. Ioannidis explained to Defendant numerous times, both orally and in writing, that GPL's Credit Card Account was a corporate account and that he was not an employee of the company. A sample of Mr. Ioannidis' correspondence with Defendant about the Credit Card Account is attached as Exhibit B.

14. On July 20, 2010, Centauri Labs sent Defendant a letter informing Defendant that it had taken over GPL's Credit Card Account and was fully responsible for payments on that account. A copy of that letter is attached as Exhibit C.

15. On January 15, 2011, Defendant initiated a telephone campaign to pressure Mr. Ioannidis into paying GPL's Credit Card Account.

16. On January 19, 2011, at Mr. Ioannidis' request, Centauri sent another letter to Defendant, informing it again that Centauri had taken over the Credit Card Account and that Mr. Ioannidis' name should be removed. A copy of Centauri's letter is at attached as Exhibit D.

17. Despite being informed by Mr. Ioannidis and Centauri that Mr. Iaonnidis was not responsible, Defendant continued to call and threaten Mr. Ioannidis on a daily basis regarding the balance on GPL's Credit Card Account.

18. By July 2011, Mr. Ioannidis could no longer take Defendant's harassment and contacted the under-signed counsel, who sent Defendant a letter dated July 26, 2011, explaining the situation and demanding that Defendant stop harassing Mr. Ioannidis. A copy of that letter is attached as Exhibit E.

19. In response to Mr. Ioannidis' counsel's letter, Defendant wrongfully sent derogatory statements to credit reporting agencies and referred the Credit Card Account to a collection agency.

20. As a result of Defendant's reporting Mr. Ioannidis as delinquent on paying GPL'S Credit Card Account, Mr. Ioannidis has not been able to refinance his home to take advantage of significantly lower interest rates. The damaged caused to Mr. Ioannidis by not being able to refinance his mortgage well exceeds $100K.

21. Mrs. Ioannidis, a CPA, has launched a start-up firm, PI Financial Services, LLC. For her business to succeed, she must become an enrolled agent. To achieve this status, the IRS must scrutinize the Ioannidis' finances. As a result of Defendant's improper reporting of Mr. Ioannidis as delinquent on paying GPL's Credit Card Account, Mr. and Mrs. Ioannidis have good reason to believe that solely because of it that their finances will not withstand the IRS's scrutiny. As a direct result, Mrs. Ioannidis has refrained from commencing the process of becoming an enrolled agent, thereby damaging her business prospects.

22. Mr. Ioannidis has suffered nausea, loss of sleep, anxiety, and other emotional distress caused by Defendant's misconduct described herein. Because he suffers from diabetes, such physical suffering is particularly detrimental to Mr. Ioannidis' health. His doctor instructed him to avoid any situations that might cause him stress. Understandably, the situation with Defendant has caused him a tremendous source that has detrimentally impacted him physically.

## COUNT ONE
### (Violations of 15 U.S.C. § 1681, *et seq.*)

23. Mr. Ioannidis re-alleges and incorporate by reference paragraphs 1 through 22 as if fully set forth herein.

24. Defendant regularly, and in the course of its business, furnishes information to one or more consumer reporting agencies about their transactions or experiences with any consumer.

25. Defendant did not notify Mr. Ioannidis at any time that the dispute was considered frivolous or irrelevant, or that Mr. Ioannidis had failed to provide sufficient information to investigate the disputed information.

26. Upon information and belief, Defendant failed to review all relevant information provided by the consumer reporting agencies, pursuant to 15 U.S.C. § 1681i, and as required by 15 U.S.C. § 1681s-2(b)(1)(B).

27. Defendant failed to adequately conduct an investigation with respect to the disputed information, as required by 15 U.S.C. § 1681s-2(b)(1) after the Mr. Ioannidis's notice of dispute was received.

28. Defendant failed to report the results of the investigation findings to the consumer reporting agencies that the information provided by such person was incomplete or inaccurate, as required by 15 U.S.C. § 1681s-2(b)(1)(D).

29. Defendant failed to report the results of the investigation to the consumer reporting agencies, as required 15 U.S.C. § 1681s-2(b)(1)(C).

30. Defendant did not conduct a reasonable investigation into Mr. Ioannidis's multiple requests for reinvestigations, nor did it provide sufficient evidence to support its claims against Mr. Ioannidis upon request.

31. As a result of Defendant's misconduct, Mr. Ioannidis suffered damages.

WHEREFORE, Mr. Ioannidis respectfully requests that this Court:

(1) Award actual damages to be established at trial pursuant to 15 U.S.C. §1681n (a)(1)(A) and/or § 15 U.S.C. § 1681o (a)(1);

(2) Award punitive damages in the amount not to exceed $10,000.00 in accordance with 15 U.S.C. §1681n (a)(2);

(3) Award Plaintiff costs and reasonable attorneys' fees in accordance with 15 U.S.C. § 1681n (a)(3)); and

(4) Award such other relief as this Court deems appropriate.

## COUNT TWO
### (Negligence)

32. Mr. Ioannidis re-alleges and incorporate by reference paragraphs 1 through 31 of Count One as if fully set forth herein.

33. Defendant owed a duty of care to Mr. Ioannidis not to harass him for a debt it knew or should have known Mr. Ioannidis did not owe.

34. Defendant owed a duty of care to Mr. Ioannidis not to report to the credit bureaus that he had a debt Defendant knew of or should have known he did not owe.

35. By engaging in the conduct described here, Defendant breached its duty of care to Mr. Ioannidis.

36. Mr. Ioannidis suffered actual damages as a proximate result of Defendant's conduct and breach of its duty to Mr. Ioannidis described herein.

WHEREFORE, Mr. Ioannidis respectfully requests that this Court:

(1) Award compensatory distress damages to Mr. Ioannidis in an amount in excess of $250,000.00; and

(2) Award such other relief as this Court deems appropriate.

### COUNT THREE
### (Intentional Infliction of Emotional Distress)

37. Mr. Ioannidis re-alleges and incorporate by reference paragraphs 1 through 36 of Count Two as if fully set forth herein

38. Defendant's conduct as described herein was intentional or reckless.

39. In light of the numerous times Mr. Ioannidis, his agents and Centauri informed Defendant that Mr. Ioannidis was not responsible for GPL's Credit Card Account, Defendant's misconduct was extreme.

40. Defendant's misconduct described herein caused of Mr. Ioannidis to suffer nausea, loss of sleep, anxiety and other emotional distress, which is severe in its nature.

WHEREFORE, Mr. Ioannidis respectfully requests that this Court:

(1) Award emotional distress damages to Mr. Ioannidis in an amount in excess of $100,000.00; and

(2) Award such other relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff hereby requests a jury trial in the above-captioned matter.

Respectfully submitted,

/s/ Jan I. Berlage
Jan I. Berlage (23937)
Gohn, Hankey & Stichel, LLP
201 N. Charles Street
Suite 2101
Baltimore, Maryland 21201
(410) 752-9300

Attorney for Plaintiff